UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-23407-BLOOM/Otazo-Reyes**

GRACE ANNE DISTILO,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court upon *sua sponte* review of the record. On September 6, 2023, Defendant Home Depot U.S.A., Inc. ("Defendant") filed a Notice of Removal, removing the above-styled action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2023-006693-CA-01. ECF No. [1] ("Notice"). The Notice represents that Defendant is an incorporated entity under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia, and Plaintiff Grace Anne Distilo ("Plaintiff") is a citizen of Florida based on her residence in Miami-Dade County, Florida, which Defendant asserts is *prima facie* evidence of Plaintiff's domicile in Florida. *Id.* ¶¶ 18-23. However, Exhibits 4 and 5, which are attached to the Notice, indicate that Defendant is a limited liability company. ECF Nos. [1-8], [1-9].

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11

(1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.*

Moreover, as the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). If the party invoking the court's jurisdiction fails to adequately do so, as Plaintiffs have failed to do here, they cannot satisfy their burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). By

contrast, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business, or "nerve center," is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *see also* 28 U.S.C. § 1332(c)(1).

Based on the foregoing, it is unclear whether Defendant is an incorporated or unincorporated entity and, if the latter, whether the members of Defendant are diverse from Plaintiff. The Court thus concludes Defendant has failed to allege facts sufficient to establish subject matter jurisdiction in the Notice, which is a defect in the removal procedure. *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009). Such a defect requires the Court to permit Defendant leave to amend its notice of removal, pursuant to 28 U.S.C. § 1653. *Id.* at 1297-98.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant shall amend its Notice, **ECF No. [1],** to allege sufficient facts to establish complete diversity of citizenship between the parties by **September 14, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida on September 7, 2023.

_____
BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record